IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANGO JAJA GREER, SR.,

        Plaintiff,                    No. CIV S-04-2505 FCD DAD P

     vs.

JODI B. RAFKIN, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff, an inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a trust account statement; however, the in forma pauperis application is incomplete and unsigned. Plaintiff will be provided an opportunity to submit a new application and an updated certified copy of his trust account statement, or the $150.00 filing fee.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff contends that Vallejo police officers violated plaintiff's civil rights when they allegedly mishandled a 1994 bank robbery and attempted murder investigation and implicated plaintiff in those crimes.  He also alleges that in 1997, Vallejo police officers mishandled a vehicle search which resulted in plaintiff's conviction on a drug charge.  Next, plaintiff contends that in 2001, after evading the police, he was punched, kicked and hit with batons and a flashlight by the arresting police officers.  Plaintiff also alleges that in 2003 he was wrongfully indicted in this court on "conducting the affairs of an enterprise through a pattern of racketeering activity, conspiracy to conduct the affairs of an enterprise through a pattern of racketeering activity and violent crimes in aid of racketeering activity; aiding and abetting." (Compl., Attach., "IV. Statement Of Claim cont." at 2.)  In this regard, plaintiff contends that the

prosecuting Assistant United States Attorneys used perjured testimony, withheld exculpatory evidence and threatened and intimidated witnesses through F.B.I. agents and Vallejo police officers. In terms of relief, plaintiff seeks nine million dollars which includes monetary damages to his career as a rap artist.

Court records indicate that there is a criminal prosecution pending in this court against plaintiff based upon the 2003 indictment mentioned in the complaint.[1] A civil rights action concerning that pending criminal prosecution is barred. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained absent proof "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486. Heck also applies to pending criminal prosecutions. See Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000) (holding that civil rights action alleging illegal search and seizure is barred "so long as the potential for a conviction in the pending criminal prosecution continues to exist.") Thus, the complaint will be dismissed and plaintiff will be granted leave to file an amended complaint that excludes claims relating to his pending criminal prosecution.

Plaintiff is cautioned that claims concerning his convictions in 1994 and 1997 for bank robbery, attempted murder and drug charges, would also be barred under Heck, unless plaintiff has been successful in overturning those convictions. An exception to the Heck bar may be plaintiff's excessive force claims by Vallejo police officers in 2001. Plaintiff is advised, however, that he must have exhausted administrative remedies with the Vallejo Police Department before he filed this lawsuit. If this was not done, the action will be dismissed. See

---

[1] The court may take judicial notice of the court records in another case. See United States v. Howard, 381 F.3d 873, n.1 (9th Cir. 2004) (citing United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (holding that a prisoner must exhaust administrative remedies before, not after, filing suit in federal court).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the service of this order, an application in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, and a certified copy of his trust account statement, or the appropriate filing fee;

2. Plaintiff's complaint is dismissed;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

4

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must use the form complaint provided by the court; plaintiff must file an original and two copies of the amended complaint;

    4. Plaintiff's failure to comply with this order will result in the dismissal of the case without prejudice; and

    5. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner, and the court's form complaint for a section 1983 action.

DATED: September 22, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kf/4
gree2505.3a